# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TISHA CHISHOLM,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| **NEW YORK COMMUNITY BANK, et al.,** | : | Judge: |
| | : | |
| Defendants. | : | |
| | : | |

### DECLARATION OF JENNIFER B. ORR IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION

I, Jennifer B. Orr, declare and state as follows:

1.     I am an associate with the law firm of Littler Mendelson, P.C., counsel of record for Defendants New York Community Bank ("NYCB") and Roberta Leonetti ("Leonetti," collectively with NYCB, "Defendants") and I am admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration.

2.     On or about April 14, 2021, Plaintiff Tisha Chisholm filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendants captioned *Tisha Chisholm v. New York Community Bank*, *et al.*, Case No. CV-21-946385 (the "State Court Action"). A true and correct copy of the Summons and Complaint in the form served upon NYCB and Leonetti is attached hereto as "Exhibit A."

3.     An examination of the state court's docket in the State Court Action discloses that on or about April 17, 2021, the Summons and Complaint were served on Leonetti, and on April 19, 2021, the Summons and Complaint were served on NYCB.  A true and correct copy of the docket in the State Court Action is attached hereto as "Exhibit B."

3. An examination of the state court's docket in the State Court Action discloses that no other pleadings have been filed in the State Court Action. Furthermore, to the best of my knowledge, no other proceedings have been conducted or scheduled in the State Court Action. Exhibit A attached hereto is the only pleading received by Defendants through service or otherwise.

4. Notice of this removal is being filed with the State Court pursuant to 28 U.S.C. §1446(d) and counsel for Plaintiff Tisha Chisholm, the adverse party, is being provided with service of the same. A true and correct copy of Defendant's Notice of Filing Notice of Removal of Civil Action to U.S. District Court and certificate of service is attached hereto as Exhibit "C."

I have read this Declaration and declare that it is true and correct under penalty of perjury under the laws of the United States and the State of Ohio, and that it was signed by me on May 10, 2021, at Mentor, Ohio.

_____
Jennifer B. Orr

# EXHIBIT A

# SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
## CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946385 | D2 CM | 44173600 |

Rule 4 (B) Ohio

Rules of Civil Procedure

| | |
|---|---|
| TISHA CHISHOLM<br>**VS**<br>NEW YORK COMMUNITY BANK, ET AL | **PLAINTIFF**<br><br>**DEFENDANT** |

# SUMMONS

ROBERTA  LEONETTI
11301 TAYLOR WELLS ROAD
CHARDON OH 44024

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

NANCY R MCDONNELL
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 15, 2021 |

By
Deputy

COMPLAINT FILED    04/14/2021

CMSN130

# SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

## CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946385 | D1 CM | 44173599 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| TISHA CHISHOLM | **PLAINTIFF** |
| **VS** | |
| NEW YORK COMMUNITY BANK, ET AL | **DEFENDANT** |

## SUMMONS

NEW YORK COMMUNITY BANK
C/O CORPORATION SERVICE COMPANY
50 WEST BROAD STREET, SUITE 1330
COLUMBUS OH 43215-0000

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

#### Said answer is required to be served on:



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

**Plaintiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

#### Case has been assigned to Judge:

NANCY R MCDONNELL
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 15, 2021 |

By _____

Deputy

COMPLAINT FILED    04/14/2021



CMSN130

# SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946385 | D1 CM | 44173598 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

## SUMMONS

| TISHA CHISHOLM | **PLAINTIFF** |
|---|---|
| **VS** | |
| NEW YORK COMMUNITY BANK, ET AL | **DEFENDANT** |

NEW YORK COMMUNITY BANK
14033 CEDAR ROAD
SOUTH EUCLID OH 44118

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

**Plaintiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

NANCY R MCDONNELL
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 15, 2021 |

By

Deputy

COMPLAINT FILED   04/14/2021



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 14, 2021 10:04**

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2227914

TISHA CHISHOLM

      vs.

NEW YORK COMMUNITY BANK, ET AL

CV 21 946385

**Judge:** NANCY R. MCDONNELL

**Pages Filed:** 14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TISHA CHISHOLM<br>4649 Walford Road, Unit 20<br>Warrensville Heights, Ohio 44128 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| NEW YORK COMMUNITY BANK<br>14033 Cedar Road<br>South Euclid, Ohio 44118 | ) ) ) ) | **JURY DEMAND ENDORSED<br>HEREIN** |
| **Serve also:**<br>New York Community Bank<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | ) ) ) ) ) ) | |
| -and- | ) ) | |
| ROBERTA LEONETTI<br>11301 Taylor Wells Road<br>Chardon, Ohio 44024 | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Tisha Chisholm, by and through undersigned counsel, as her Complaint against

the Defendants, states and avers the following:

### PARTIES AND VENUE

1. Chisholm is a resident of the city of Warrensville Heights, county of Cuyahoga, state of Ohio.

2. New York Community Bank ("Ohio Savings") is a foreign corporation that operated a business
   located at 14033 Cedar Road, South Euclid, Ohio 44118.

3. Ohio Savings was at all times hereinafter mentioned an employer within the meaning of R.C.
   § 4112.01 *et seq.*

4. Upon information and belief, Defendant Roberta Leonetti is a resident of the state of Ohio.

The Employee's Attorney.™



5. Leonetti was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Ohio Savings who acted directly or indirectly in the interest of Ohio Savings.

6. Leonetti was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

7. Leonetti made and/or participated in the adverse actions asserted herein.

8. All of the material events alleged in this Complaint occurred in Cuyahoga County.

9. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

10. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## <u>FACTS</u>

12. Chisholm is a former employee of Ohio Savings.

13. Chisholm began working for Ohio Savings on or around July 24, 2018.

14. Ohio Savings employed Chisholm as a Branch Operations Coordinator.

15. Chisholm had a strong history of performance with Ohio Savings.

16. Chisholm consistently received pay raises.

17. Chisholm did not have any history of meaningful discipline.

18. Leonetti was Chisholm's supervisor.

19. Ohio Savings employed Leonetti as a Regional Manager.

20. During all material events asserted herein, Leonetti has and/or had authority to hire, fire, and/or discipline employees.

21. Leonetti did not participate in the decision to hire Chisholm.



22. Chisholm suffers from severe persistent headaches.

23. Due to her severe persistent headaches, Chisholm's physician prescribed her medication to take when the headaches presented.

24. Chisholm's severe persistent headaches constitute a physical impairment.

25. Chisholm's severe persistent headaches substantially impair one or more of her major life activities, including working.

26. Due to suffering from severe persistent headaches, Chisholm is disabled.

27. Alternatively, Ohio Savings perceived Chisholm to be disabled.

28. Despite any real or perceived disabling condition, Chisholm was capable of performing her essential job functions with or without reasonable accommodation(s).

29. Chisholm disclosed her severe persistent headaches to her supervisor Laletta Cistrunk after Ohio Savings hired her.

30. Cistrunk was Chisholm's immediate supervisor.

31. Ohio Savings employed Cistrunk as a Manager.

32. During all material events asserted herein, Cistrunk has and/or had authority to hire, fire, and/or discipline employees.

33. Defendants became aware of Chisholm's disability.

34. After disclosing her disability to Cistrunk, Chisholm requested time during her scheduled shifts to take her prescribed medication when the severe persistent headaches presented.

35. Chisholm's request for time during her scheduled shifts to take her prescribed medication when the severe persistent headaches presented was a request for reasonable accommodations.

36. Ohio Savings employed Chisholm during the COVID-19 pandemic.

The Employee's Attorney.™



37. In response to the COVID-19 pandemic, Ohio Savings required its employees to complete a questionnaire prior to reporting for their scheduled shifts ("COVID Questionnaire").

38. In the COVID Questionnaire, Ohio Savings asked if an employee was experiencing any symptoms that it had listed that could not be attributed to another health condition.

39. Prior to reporting to every scheduled shift, Chisholm completed the COVID Questionnaire.

40. On November 27, 2020, Chisholm experienced a headache prior to her scheduled shift.

41. Due to her headache, Chisholm contacted Cistrunk to attempt to call off her scheduled shift on November 27, 2020.

42. While attempting to call off her scheduled shift on November 27, 2020, Chisholm communicated her headache to Cistrunk.

43. Despite the notice of her headache, Cistrunk instructed Chisholm to report to work for part of her shift to audit the vault.

44. Cistrunk asked whether Chisholm had taken her prescribed medication for her headache.

45. Cistrunk instructed Chisholm to report to work for part of her shift to audit the vault because she believed that Chisholm's symptoms were attributable to her disability.

46. Cistrunk also instructed Chisholm to report to work for part of her shift to audit the vault because Leonetti would be angry to know that Chisholm called off without having sufficient paid time off accrued to do so.

47. Chisholm completed the COVID Questionnaire and marked "none of the above" to the symptoms because her symptoms could have been attributed to her disability.

48. Chisholm reported to work on November 27, 2020 per Cistrunk's instructions.

49. On November 28, 2020, Chisholm's headache persisted.

The Employee's Attorney.™



50. Again, on November 28, 2020, Chisholm completed the COVID Questionnaire and marked "none of the above" to the symptoms because her symptoms could have been attributed to her disability.

51. When she reported to work, Chisholm informed Cistrunk that her headache had not gone away.

52. Cistrunk instructed Chisholm to take her prescribed medication for her severe persistent headaches.

53. Cistrunk placed Chisholm in the rear of the bank away from customers and her co-workers.

54. On November 29, 2020, Chisholm's headache was accompanied by a sore throat.

55. Chisholm contacted Cistrunk and informed her that she planned to call off on her next scheduled shift on November 30, 2020.

56. On November 30, 2020, Cistrunk called Chisholm and informed her that Leonetti was angry about Chisholm calling off.

57. On November 30, 2020, Leonetti ordered Chisholm to report her current symptoms on the COVID Questionnaire even though Chisholm was not reporting to work that day.

58. On November 30, 2020, the COVID Questionnaire presented a work restriction after Chisholm reported her current symptoms.

59. A human resources representative for Ohio Savings instructed Chisholm to get tested for COVID-19.

60. On December 3, 2020, Chisholm received positive COVID-19 test results.

61. Chisholm immediately notified the human resources representative of her positive COVID-19 test results.

62. The human resources representative instructed Chisholm to quarantine for 14 days.

63. The human resources representative informed Chisholm that she would be paid for her quarantine.

64. Ohio Savings is a covered employer under the FMLA.

65. As of December 3, 2020, Chisholm qualified for protected leave under the FMLA.

The Employee's Attorney.™



66. As of December 3, 2020, Chisholm worked for Ohio Savings for at least 12 months.

67. As of December 3, 2020, Chisholm had at least 1,250 hours of service for Ohio Savings during the previous 12 months.

68. On December 3, 2020, Ohio Savings was aware that Chisholm suffered from COVID-19.

69. On December 3, 2020, Ohio Savings was aware that Chisholm had to take time off work to recover from COVID-19.

70. Ohio Savings had sufficient knowledge that Chisholm suffered from a serious medical condition.

71. Ohio Savings failed to advise Chisholm of her rights to utilize FMLA leave.

72. Ohio Savings did not provide Chisholm a Notice of Eligibility of her rights to utilize FMLA leave.

73. In failing to notify Chisholm of her rights pursuant to the FMLA, Ohio Savings interfered with Chisholm's rights under the FMLA.

74. Chisholm's leave after receiving positive results for COVID-19 qualified for protection under the FMLA.

75. On or around December 4, 2020, Defendants terminated Chisholm's employment.

76. Defendants terminated Chisholm's employment due to her disability.

77. Alternatively, Defendants terminated Chisholm's employment because they perceived Chisholm to be disabled.

78. Defendants terminated Chisholm's employment so that they would not have to provide her with FMLA leave.

79. Chisholm did not receive any pay for her quarantine.

80. Defendants terminated Chisholm's employment so that they would not have to pay Chisholm while she was on quarantine for COVID-19.

The Employee's Attorney.™



81. Upon information and belief, Defendants have a progressive disciplinary policy ("Progressive Discipline Policy").

82. Defendants have used the Progressive Discipline Policy when disciplining non-disabled employees.

83. Alternatively, Defendants have used the Progressive Discipline Policy when disciplining employees who they do not perceive to be disabled.

84. Under the Progressive Discipline Policy, Chisholm had not received any meaningful discipline.

85. Under the Progressive Discipline Policy, Chisholm had not received any verbal warnings.

86. Under the Progressive Discipline Policy, Chisholm had not received any written warnings.

87. Under the Progressive Discipline Policy, Chisholm had not been suspended.

88. Defendants skipped steps under the Progressive Discipline Policy when they terminated Chisholm's employment.

89. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

90. Skipping steps under the Progressive Discipline Policy is an adverse action.

91. Defendants intentionally skipped steps under the Progressive Discipline Policy when they terminated Chisholm's employment.

92. Defendants willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Chisholm's employment.

93. Terminating Chisholm's employment was an adverse employment action.

94. Terminating Chisholm's employment was an adverse action.

95. Defendants intentionally terminated Chisholm's employment.

96. Defendants willfully made the decision to terminate Chisholm's employment.



97. Defendants terminated Chisholm's employment in violation of the Progressive Discipline Policy because she was disabled.

98. Alternatively, Defendants terminated Chisholm's employment in violation of the Progressive Discipline Policy because they perceived her to be disabled.

99. Defendants terminated Chisholm's employment in violation of the Progressive Discipline Policy so that they would not have to provide her FMLA leave to which she was entitled.

## COUNT I: DISABILITY DISCRIMINATION

100. Chisholm restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Chisholm suffers from severe persistent headaches.

102. Chisholm's condition constituted a physical impairment.

103. Chisholm's condition substantially impaired one or more of her major life activities including working.

104. Due to suffering from severe persistent headaches, Chisholm is disabled.

105. In the alternative, Defendants perceived Chisholm as being disabled.

106. Defendants treated Chisholm differently than other similarly-situated employees based on her disabling condition.

107. Defendants treated Chisholm differently than other similarly-situated employees based on her perceived disabling condition.

108. On or about December 4, 2020, Defendant terminated Chisholm's employment without just cause.

109. Defendants terminated Chisholm's employment based her disability.

110. Alternatively, Defendants terminated Chisholm's employment based her perceived disability.



111. Defendants violated R.C. § 4112.01 *et seq.* when it discharged Chisholm based on her disability.

112. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* when it discharged Chisholm based on her perceived disability.

113. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Chisholm based on her disabling condition.

114. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Chisholm based on her perceived disabling condition.

115. Chisholm suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

116. As a direct and proximate result of Defendants' conduct, Chisholm suffered and will continue to suffer damages, including economic and emotional distress damages.

## **COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

117. Chisholm restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

118. A clear public policy exists and is manifested in executive orders from Governor Mike DeWine to stop the spread of COVID-19.

119. A clear public policy exists for employees to quarantine at home if they experience symptoms consistent with COVID-19.

120. A clear public policy exists for employees to notify their employers if they experience symptoms consistent with COVID-19.

121. On November 27, 2020, Chisholm notified Ohio Savings that she was experiencing symptoms consistent with COVID-19.



122. On November 27, 2020, Ohio Savings required her to work her shift.

123. On November 28, 2020, Chisholm notified Ohio Savings that she was experiencing symptoms consistent with COVID-19.

124. On November 29, 2020, Chisholm notified Ohio Savings that she was experiencing symptoms consistent with COVID-19.

125. On November 30, 2020, Chisholm notified Defendants that she was experiencing symptoms consistent with COVID-19.

126. On December 3, 2020, Chisholm received a positive test result for COVID-19.

127. On December 3, 2020, Chisholm immediately notified Ohio Savings that she received a positive test result for COVID-19.

128. On December 4, 2020, Defendants terminated Chisholm's employment.

129. Defendants' termination of Chisholm jeopardizes these public policies.

130. Defendants' termination of Chisholm was motivated by conduct related to these public policies.

131. Defendants had no overriding business justification for terminating Chisholm.

132. As a direct and proximate result of Defendants' conduct, Chisholm has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

133. Chisholm restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

134. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

135. Ohio Savings is a covered employer under the FMLA.

The Employee's Attorney.™


136. During her employment, Chisholm qualified for FMLA leave.

137. As of December 3, 2020, Chisholm worked for Ohio Savings for at least 12 months.

138. As of December 3, 2020, Chisholm had at least 1,250 hours of service for Ohio Savings during the previous 12 months.

139. On or around December 3, 2020, Chisholm received a positive test result for COVID-19.

140. Immediately after receiving the positive test result for COVID-19, Chisholm notified the human resources representative for Ohio Savings.

141. The human resources representative ordered Chisholm to quarantine for 14 days.

142. On December 3, 2020, Ohio Savings was aware that Chisholm suffered from COVID-19.

143. On December 3, 2020, Ohio Savings was aware that Chisholm had to take time off work to recover from COVID-19.

144. Ohio Savings had sufficient knowledge that Chisholm suffered from a serious medical condition.

145. Ohio Savings failed to advise Chisholm of her rights to utilize FMLA leave.

146. Ohio Savings did not provide Chisholm a Notice of Eligibility of her rights to utilize FMLA leave.

147. In failing to notify Chisholm of her rights pursuant to the FMLA, Ohio Savings interfered with Chisholm's rights under the FMLA.

148. Chisholm's leave after receiving a positive test result for COVID-19 qualified for protection under the FMLA.

149. Ohio Savings failed to properly advise Chisholm of her rights under the FMLA.

150. Ohio Savings unlawfully interfered with Chisholm's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

151. On December 4, 2020, Ohio Savings terminated Chisholm's employment.



152. Ohio Savings violated the FMLA when it terminated Chisholm's employment to preclude him from being able to utilize FMLA leave.

153. As a direct and proximate result of the Ohio Savings's conduct, Chisholm is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Chisholm demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Chisholm to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Chisholm for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Chisholm claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

The Employee's Attorney.™



Respectfully submitted,

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
       daniel.dubow@spitzlawfirm.com
       taurean.shattuck@spitzlawfirm.com

*Attorneys For Plaintiff*

The Employee's Attorney.™



## JURY DEMAND

Plaintiff Tisha Chisholm demands a trial by jury by the maximum number of jurors permitted.

_____

Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)

The Employee's Attorney.™



# EXHIBIT B

skip to main content

Print

# CASE INFORMATION

## CV-21-946385 TISHA CHISHOLM vs. NEW YORK COMMUNITY BANK, ET AL

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 04/28/2021 | N/A | SR | USPS RECEIPT NO. 44173599 DELIVERED BY USPS 04/19/2021 NEW YORK COMMUNITY BANK PROCESSED BY COC 04/28/2021. | |
| 04/21/2021 | N/A | SR | USPS RECEIPT NO. 44173600 DELIVERED BY USPS 04/17/2021 LEONETTI/ROBERTA / PROCESSED BY COC 04/21/2021. | |
| 04/15/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/15/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/15/2021 | D2 | CS | WRIT FEE | |
| 04/15/2021 | D2 | SR | SUMS COMPLAINT(44173600) SENT BY CERTIFIED MAIL. TO: ROBERTA LEONETTI 11301 TAYLOR WELLS ROAD CHARDON, OH 44024 |  |
| 04/15/2021 | D1 | CS | WRIT FEE | |
| 04/15/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/15/2021 | D1 | SR | SUMS COMPLAINT(44173599) SENT BY CERTIFIED MAIL. TO: NEW YORK COMMUNITY BANK C/O CORPORATION SERVICE COMPANY 50 WEST BROAD STREET, SUITE 1330 COLUMBUS, OH 43215-0000 | |
| 04/15/2021 | D1 | CS | WRIT FEE | |
| 04/15/2021 | D1 | SR | SUMS COMPLAINT(44173598) SENT BY CERTIFIED MAIL. TO: NEW YORK COMMUNITY BANK 14033 CEDAR ROAD SOUTH EUCLID, OH 44118 | |
| 04/14/2021 | N/A | SF | JUDGE NANCY R MCDONNELL ASSIGNED (RANDOM) | |
| 04/14/2021 | P1 | SF | LEGAL RESEARCH | |
| 04/14/2021 | P1 | SF | LEGAL NEWS | |
| 04/14/2021 | P1 | SF | LEGAL AID | |
| 04/14/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 04/14/2021 | P1 | SF | COMPUTER FEE | |
| 04/14/2021 | P1 | SF | CLERK'S FEE | |
| 04/14/2021 | P1 | SF | DEPOSIT AMOUNT PAID DANIEL S. DUBOW | |
| 04/14/2021 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST | |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2021 PROWARE. All Rights Reserved. 1.1.256

# EXHIBIT C

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **TISHA CHISHOLM**, | : |
| Plaintiff, | : |
| v. | : |
| **NEW YORK COMMUNITY BANK, et al.** | : |
| Defendants. | : |

Case No. CV-21-946385

Judge Nancy R. McDonnell

**NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

Please take notice that, on May 10, 2021, Defendants New York Community Bank and Roberta Leonetti filed in the United States District Court for the Northern District of Ohio their Notice of Removal of Civil Action to said District Court. A copy of the Notice of Removal is attached hereto as Exhibit 1 for filing with this Court.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of the copy of the Notice of Removal with this Court, effects the removal of this Action, and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,


/s/ *Jennifer B. Orr*
James P. Smith (0073945)
Jennifer B. Orr (0084145)
LITTLER MENDELSON, P.C.
Key Tower
127 Public Square, Suite 1600
Cleveland, OH  44114-9612
Telephone: 216.696.7600
Facsimile: 216.696.2038
jpsmith@littler.com
jorr@littler.com

Attorneys for Defendants New York
Community Bank and Roberta Leonetti

2

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2021, a copy of the foregoing *Notice of Removal of Civil Action to Federal Court* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further hereby certify that a true copy of the foregoing *Notice of Removal of Civil Action to Federal Court* was served upon Counsel for Plaintiff: Brian D. Spitz, Daniel S. Dubow, and Taurean J. Shattuck, The Spitz Law Firm, LLC, 25200 Chagrin Boulevard, Suite 200, brian.spitz@spitzlawfirm.com; daniel.dubow@spitzlawfirm.com; taurean.shattuck@spitzlawfirm.com, on May 10, 2021.

*/s/ Jennifer B. Orr*
Jennifer B. Orr

One of the Attorneys for Defendants New York Community Bank and Roberta Leonetti

4840-9085-7449.1 / 999991-0377